NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHANE CAVANAUGH, an individual and as personal representative of the Estate of Richard Boulanger; THE ESTATE OF RICHARD BOULANGER, <br><br>         Plaintiffs-Appellants, <br><br>  v. <br><br> COUNTY OF SAN DIEGO, a municipal Corporation; et al., <br><br>         Defendants-Appellees, | No.   20-56311 <br><br> D.C. No. 3:18-cv-02557-BEN-LL <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted December 8, 2021
Pasadena, California

Before: BEA and LEE, Circuit Judges, and BENNETT,** District Judge.

This case arises from the suicide of Richard Boulanger, who died in the

hospital two days after he was found hanging from a noose made of bedsheets inside

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     **    The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

of his cell in pretrial custody at the San Diego County jail. Boulanger's son, Shane Cavanaugh, in his personal capacity and as representative of the Estate of Boulanger, brought numerous claims under 42 U.S.C. § 1983 and California state law against San Diego County jail deputies and supervisors, as well as San Diego County itself. He appeals the dismissal of his complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for relief. We have jurisdiction under 28 U.S.C. § 1291, review de novo, *Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011), and affirm.

As the parties are familiar with the facts, we do not recite them here, save as context requires.

1.  The Deliberate Indifference Claim

The complaint does not allege that the jail deputies knew or had reason to know that Boulanger was detoxing from opiates and alcohol, let alone that he faced a "heightened risk of suicide," *Conn v. City of Reno,* 591 F.3d 1091, 1095 (9th Cir. 2010) (opinion vacated and reinstated by 658 F.3d 897 (9th Cir. 2011)). Indeed, on entering San Diego's jail, Boulanger indicated to intake staff that he was not suicidal. Thus, the complaint does not plausibly allege that reasonable officers in the same circumstances as the deputies "would have appreciated the high degree of risk involved," as required to state a claim for relief based on deliberate indifference to Boulanger's risk of suicide by muting the jail's intercom system or performing short

2

cell checks, *Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2019). Furthermore, while the intercom system was muted, the officers did not turn off the visual alert system. As such, the complaint fails to state a claim for relief for deliberate indifference under the Fourteenth Amendment against Deputies Dixon, Parent, and Reyes. As there is no respondeat superior liability under 42 U.S.C. § 1983, *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), Cavanaugh's claims against the supervisory defendants, Sheriff Gore and Lieutenant Kamoss, fail as a matter of law.

2. The *Monell* Claim

Because the complaint did not adequately plead a constitutional violation by the individual defendants, the district court correctly dismissed the *Monell* claim against San Diego County. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). Moreover, a *Monell* claim requires the plaintiff to plead facts establishing that the county had a policy of deliberate indifference. *Mabe v. San Bernardino County, Dept. of Public Social Services*, 237 F.3d 1101, 1110-11 (9th Cir. 2001). But here, the complaint pleaded facts establishing that the named deputies violated jail policies regarding inmate supervision.

3. The Substantive Due Process Claim

In the absence of factual allegations sufficient to state a claim for deliberate indifference to Boulanger's medical needs, Cavanaugh's substantive due process

claim for violation of his own right to familial association under the Fourteenth Amendment fails as a matter of law. *See Lemire v. Cal. Dept. of Corr. and Rehab.*, 726 F.3d 1062, 1075 (9th Cir. 2013).

4. The State Law Claims

The district court properly dismissed Cavanaugh's state law claims as procedurally barred and without merit.

5. Leave to Amend

The district court did not abuse its discretion when it denied leave to amend the complaint for a third time. *See Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002).

**AFFIRMED.**